UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

MAR 26 2008

MAR 2 6 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

In re:

marchFIRST, INC., *et al.*,

        Debtors.

Case No. 01-24742
Chapter 7
Honorable John D. Schwartz

---

ANDREW J. MAXWELL, Trustee

        Plaintiff,

v.

MICHELE CLEMENT STUDIOS, INC.,

        Defendant.

Adv. No. 03 A 00567

**08CV1753**
**JUDGE GRADY**
**MAG. JUDGE VALDEZ**

## MICHELE CLEMENT STUDIOS, INC.'S
## MOTION TO WITHDRAW THE REFERENCE

The bankruptcy trustee in the marchFirst, Inc. ("marchFirst") bankruptcy proceeding commenced an action against Michelle Clement Studios, Inc. ("MCS") seeking to recover as a preferential transfer $25,228.19 paid to MCS within 90 days of marchFirst's bankruptcy filing. MCS asserts as its sole defense that the payment was a "contemporaneous exchange for new value." Resolution of MCS's defense depends entirely upon whether, under federal copyright law, MCS gave marchFirst an implied license to the photos that were used by marchFirst in its national advertising campaign. If no implied license existed, then marchFirst's payment cannot be preferential because the payment would have contemporaneously given marchFirst both a valid license to the photos and a release of

potential liability under 17 U.S.C. §§ 504(c) and 505 for marchFirst's prior unlicensed use of the photos.

The trustee's claim in this case to an implied license raises the difficult federal copyright law question of when an implied copyright license arises. Withdrawal of the reference, therefore, is mandatory under 28 U.S.C. § 157(d) because the case "requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." Withdrawal is also appropriate because MCS has demanded a jury trial, which cannot be tried by an Article I bankruptcy court, and because the matter is now on the eve of trial.

## BACKGROUND

MCS is a high-end photography studio that produces, among other things, fine art photography for advertisers.[1] In the fall of 2000, marchFirst, Inc. ("marchFirst"), a national advertising agency, hired MCS to produce photos for an advertising campaign entitled "*Russian Constructivist.*" (*See* Affidavit of Norman Maslov, ¶ 4.)[2] On October 23, 2000, MCS sent a $25,228.19 invoice to marchFirst for its work on the portrait ad. (Maslov Aff. ¶ 5.) The front of the invoice stated that the copyright to the photos used in the portrait ad were being licensed to marchFirst, but only "upon full payment of this invoice." (Maslov Aff. ¶ 5.) The more detailed terms and conditions contained in Section 9 on the back of the accepted

---

[1]  A sampling of MCS's works, along with some background on the company itself, can be viewed online at http://www.studioclement.com.

[2]  Certain factual allegations herein are supported by the accompanying Affidavit of Norman Maslov ("Maslov Aff."), attached hereto as **Exhibit 1**.

2

invoice reiterated that marchFirst's license to use MCS's photograph was conditioned on MCS's receipt of full payment on the invoice. (Maslov Aff. ¶ 5 and Exhibit A thereto).[3]

Thereafter, MCS discovered that marchFirst had published the portrait ad containing her copyrighted photograph even though it hadn't yet paid the invoice. (Maslov Aff. ¶ 6.) Norman Maslov, MCS's agent, thereafter contacted marchFirst on several occasions demanding payment and advising that marchFirst had no right to publish MCS's photograph without first paying the outstanding invoice. (Maslov Aff. ¶ 6.)

On January 5, 2001, while the ad was still running, Maslov spoke with Sharon Wicks at marchFirst and told her that MCS would sue for copyright infringement if marchFirst didn't pay the invoice immediately. (Maslov Aff. ¶ 7.) Wicks requested that Maslov put his threat in writing so that she could forward it to marchFirst's accounts payable department, which he did. (Maslov Aff. ¶ 8.) In that follow-up communication, Maslov sternly advised that the MCS's images were registered with the U.S. copyright office, that marchFirst was violating MCS's copyright by publishing the photos in advance of payment, and that MCS would file a copyright infringement suit if not paid immediately. (Maslov Aff. ¶ 9.) marchFirst paid the invoice two weeks later, on January 19, 2001. (Maslov Aff. ¶ 10.)

On April 12, 2001, marchFirst filed a bankruptcy petition for relief under title 11 of the United States Code. On February 26, 2003, Andrew J. Maxwell, the chapter 7 bankruptcy trustee for marchFirst, filed an adversary complaint to avoid as preferential the

---

[3] Section 9, captioned "RIGHTS LICENSED," provided as follows:

The right to reproduce or use any Images(s) in any manner is conditioned on Photographer's receipt of full payment and on use of copyright notice on all copies of the Image(s). . . . All rights of every kind and nature in any and all media whether now known or hereafter developed that are not expressly licensed or transferred in this Agreement are reserved by Photographer, including, without limitation, the right to use any image in whole or in part in any form of derivative or collective works of any nature whatsoever. . . . (*See* Maslov Aff. ¶ 5 and Exhibit A thereto).

$25,228.19 payment to MCS under 11 USC § 547(b).[4] MCS answered the complaint on January 10, 2008, in which it also demanded a jury trial.[5]

Discovery in this matter closes on April 24, 2008, and the parties expect that the Bankruptcy Court will set the matter for trial at the next scheduled status hearing on April 17, 2008. The parties have narrowed the controversy to a single issue: that being, whether MCS has a complete defense to recovery because the payment should be treated as a "contemporaneous exchange for new value," within the meaning of 11 USC § 547(c)(1).

MCS asserts that marchFirst's payment was a "contemporaneous exchange for new value" because payment gave marchFirst—at the moment its check cleared—a valid license to the photos and a release from potential liability for multiple copyright violations based on the nationwide placement of its ads. Maxwell denies that 547(c)(1) applies to the transfer because he claims that marchFirst had an implied license to use the photos in advance of payment and thus did not receive "new value" contemporaneous with the payment. The sole issue in dispute, therefore, is whether, under federal copyright law, marchFirst had an implied copyright license to use the photos in advance of its payment on the invoice.

### ARGUMENT

Under 28 U.S.C. § 157, the district court may withdraw any case for cause shown. Withdrawal is mandatory for a case that "requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). Here, withdrawal is mandatory because resolution of the

---

[4] A copy of the trustee's complaint is attached hereto as **Exhibit 2**.

[5] A copy of MCS's answer is attached hereto as **Exhibit 3**. MCS originally retained counsel from California, John Poppin, to assist in negotiating a settlement. On December 1, 2003, Poppin filed an answer on its behalf. The Court struck the answer, on December 13, 2007, because Poppin failed to designate local counsel or submit an application to appear *pro hac vice,* as required by the local rules. MCS subsequently fired Poppin and hired the Coleman Law Firm, which obtained leave from the Bankruptcy Court to answer the complaint.

case depends on a substantial interpretation of federal copyright law as well as title 11. Additionally, withdrawal is required because MCS has demanded a jury trial, and has not consented to a bench trial by the bankruptcy court. Finally, withdraw of the reference at this time is appropriate because the matter is on the eve of trial.

**A.    This case must be withdrawn because its resolution requires substantial interpretation of federal copyright law.**

Withdrawal of the reference is required whenever the resolution of a case will "require the interpretation" of a non-title 11 statute, or "when the court must undertake analysis of significant open and unresolved issues regarding the non-title 11 law." *See In re Vicars Ins. Agency, Inc.*, 96 F.3d 949, 954 (7th Cir. 1996). Here, resolution of whether the transfer was preferential requires a substantial interpretation of federal copyright law to determine if, as alleged by the trustee, an implied license arose in advance of payment. If no such implied license existed, then marchFirst's payment was not preferential because it was a "contemporaneous exchange for new value" within the meaning of 11 U.S.C § 547(c)(1)(B) in that upon payment, a valid copyright license sprang into existence. marchFirst's payment also provided marchFirst with contemporaneous value by simultaneously releasing marchFirst from potential liability to MCS under 17 U.S.C. §§ 504(c) and 505 for prior unlicensed uses of the photos.

*In re Singer Co.*, 2002 WL 243779 (S.D.N.Y., February 20, 2002), addressed the same issue in the patent context, and held that withdrawal was mandatory. There, the question was whether the defendants had an implied license to the debtor's sewing needle pattern patent. If they did not, then they would be infringing the debtor's patents, and thus violating the bankruptcy stay against unauthorized use of the estate property. *Id.* at *2.

The *Singer* court determined that patent law issues were central to the complaint because "[a]ll of the complaint's related bankruptcy law issues that follow depend upon whether a court finds that the Singer plaintiffs indeed have a property interest in the '330 patent." *Id.* at 3. As such, the court concluded, withdrawal was mandatory because "plaintiffs' claim to an implied patent raises the difficult patent law question of determining under what circumstances an implied patent license can arise." *Id.* Further, the Court noted, "[t]he implied license issue will require patent law interpretation, as little statutory and decisional law addresses the circumstances as set forth in the complaint." *Id.*

Similarly, here, the interpretation of copyright law is central to the case because, as noted above, the entire matter turns on whether—as alleged by the trustee—MCS gave marchFirst an implied license to the use of her photos in advance of payment  The Court, therefore, as in *Singer*, should find that withdrawal of the reference is mandatory because the trustee's claim in this case to an implied copyright license raises the equally difficult question under federal copyright law of whether MCS had in fact granted marchFirst an implied copyright license before it had received full payment on the outstanding invoice.

**B.  Withdrawal of the reference is also mandatory because MCS has demanded a jury trial and appropriate because the case is on the eve of trial.**

Withdrawal of the reference is also mandatory here because MCS has demanded a jury trial. A bankruptcy judge, however, may only conduct a jury trial with the express consent of the parties. 28 U.S.C. § 157(e). Absent such consent, the jury trial must be conducted before the district court. *In re Grabill Corp.*, 967 F.2d 1152, 1158 (7th Cir. 1992).

Because MCS has not consented to a jury trial in this case before the bankruptcy court, withdrawal of the reference is mandatory. *CDX Liquidating Trust v. Vernock Associates*, 2005 WL 3953895, *4 (N.D. Ill., August 10, 2005) ("given the defendants' jury

6

trial rights and their apparent unwillingness to consent to a trial before the bankruptcy court, any trial in this case must take place in this Court."). Further, discovery will be closed by the time the Court considers this motion, and with the matter on the eve of trial, withdrawal of the reference is appropriate at this time.

**WHEREFORE,** MCS respectfully moves this Court for the entry of an Order withdrawing the reference of adversary proceeding number 03A00567, presently pending before the Bankruptcy Court, and for such other and further relief as this Court deems just and proper.

Dated: March 21, 2008

Respectfully submitted,

MICHELE CLEMENT STUDIOS, INC.

By: ___/s/ Steve Jakubowski_____
    One of Its Attorneys

Steve Jakubowski (ARDC No. 6191960)
Elizabeth E. Richert (ARDC No. 6275764)
THE COLEMAN LAW FIRM
77 West Wacker Drive, Suite 4800
Chicago, Illinois 60601
Telephone: (312) 444-1000
Facsimile: (312) 444-1028

# EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

In re:

marchFIRST, INC., *et al.*,

           Debtors.

Case No. 01-24742
Chapter 7
Honorable John D. Schwartz

ANDREW J. MAXWELL, Trustee

           Plaintiff,

v.

MICHELE CLEMENT STUDIOS, INC.,
           Defendant.

Adv. No. 03 A 00567

## AFFIDAVIT OF NORMAN MASLOV IN SUPPORT OF MICHELLE CLEMENT STUDIOS' MOTION TO WITHDRAW THE REFERENCE

Norman Maslov, being duly sworn, deposes and says:

1.    I submit this affidavit in support of Michelle Clement Studios' motion to withdraw the reference.

2.    I am president of Agent Internationale, a San Francisco-based agency that represents photographers for advertising, design, and entertainment.

3.    I have been in the agency business for 22 years and I have also represented Michele Clement Studios, Inc. ("MCS") for 22 years.

4.    I represented Michele Clement in her placement of the ad the "*Russian Constructivist*" with marchFIRST, Inc. ("marchFIRST") in October, 2000 and am familiar with the facts and circumstances relating to the business relationship between MCS and marchFirst in connection with this ad campaign.



5.    Upon completion of the engagement, MCS sent an invoice for $25,228.19 to marchFirst. A true copy of the invoice is attached hereto as **Exhibit A**. The front of the invoice stated that the copyright to the photos used in the portrait ad were being licensed to marchFirst, but only "upon full payment of this invoice." The more detailed terms and conditions contained in Section 9 on the back of the accepted invoice reiterated that marchFirst's license to use MCS's photograph was conditioned on MCS's receipt of full payment on the invoice.

6.    After Michele Clement took the photograph for the marchFIRST ad, I learned that marchFIRST was running the ad even though the invoice had not been paid and I contacted marchFIRST on several occasions demanding payment and advising them they had no right to publish the ad without first paying the invoice.

7.    On January 5, 2001, while the ad was still running, I spoke with Sharon Wicks at marchFirst, and informed her that MCS would file suit for copyright infringement if the invoice was not paid immediately.

8.    Sharon Wicks told me to put the threat in writing so that she could forward it to marchFIRST's accounts payable department, which I did the same day.

9.    I faxed a memo to Sharon Wicks on January 5, 2001, stating that the images Michele Clement produced for marchFirst were registered with the copyright office in Washington DC, that marchFirst was in violation of MCS's copyright, and that if payment was not received immediately MCS would file suit for copyright infringement. A copy of this communication is attached hereto as **Exhibit B**.

10.    marchFIRST paid MCS on the invoice two weeks later on January 19, 2001.

2



I hereby affirm under penalty of perjury on this 21st day of March, 2008, that the

foregoing is true and correct.

_____
Norman Maslov

3

**MICHELE CLEMENT STUDIOS, INC.**
879 FLORIDA STREET
SAN FRANCISCO, CA 94110
TEL: 415-695-0100
FAX: 415-695-0921
FED ID: 94-3230063

*WOR*

**Invoice: 45-001003**

| | |
|---|---|
| Date: | October 23, 2000 |
| To: | March First |
| | 20605 Lazaneo Drive |
| | Cupertino, California  95014 |
| AB: | Sharon Winks • 408.861.5297 • fi 408.861.5250 |
| Client: | Work.com |
| AD: | Michael Hammond 408.861.5405 |
| Period Of Use: | 6 months |
| Media Use: | National  Newspaper |
| Job Title: | 1 portrait ad: Russian constructivist |

---

Description:  ONE BLACK & WHITE PORTRAIT FOR ONE PRINT AD / RUSSIAN CONSTRUTIVIST STYLE / BASED ON ONE SHOOT DAY ONLY IN STUDIO : 1. ONE AFRICAN AMERICAN WOMAN

ONE PHOTO        TALENT BILLED DIRECT-NOT INCLUDED HERE

---

**Fees**

| | |
|---|---|
| Photography Fees | 8,000.00 |
| | 8,000.00 |

**Expenses**

| | |
|---|---|
| Crew | 6,030.00 |
| Film / Processing | 1,680.00 |
| Props / Wardrobe | 909.79 |
| Location / Travel (already done) | 1,900.00 |
| Rentals | 500.00 |
| Sets / Expendables | 450.00 |
| Miscellaneous | 900.00 |
| Talent | 0.00 |
| Markup 20% due to no or late advance per | 2,882.00 |
| | 15,251.79 |

---

| | |
|---|---|
| Subtotal: | $23,251.79 |
| Sales Tax: 8.5% | $1,976.40 |
| **Balance Due:** | **$25,228.19** |



Terms:   Balance due within 30 days of final billing.  Rights licensed upon full payment of this invoice and subject to terms and conditions attached.  Copyright of all photographs retained by photographer.

## ALL ASSIGNMENTS AND LICENSES ARE SUBJECT TO THE FOLLOWING AGREEMENT
### TERMS AND CONDITIONS

**1. DEFINITIONS:** This agreement is by and between _____ **MICHELE CLEMENT STUDIOS INC.** ("Photographer") and the commissioning party, ("Client", named on the face of this Agreement, including Client's representatives). Photographer's relationship with Client is that of an independent contractor. "Image" or "Image(s)" refers to the photographic or any other form of materials delivered by Photographer to Client. Photographer shall be considered the sole author of the Image(s). This concepts or layouts provided the Photographer's interpretation, rather than a literal re-creation of any "Assignment" refers to the photography Assignment described on the face of this Agreement that Client is specifically commissioning Photographer to perform pursuant to this Agreement.

**2. FEES, CHARGES AND EXPENSES:** Client and Client's representatives are jointly and severally responsible for full payment of all fees, charges and expenses. The rights licensed, fees, charges and expenses listed on this Agreement only apply to the original Assignment description. Additional compensation is required for any subsequent changes, additions or variations requested by Client.

**3. POSTPONEMENTS AND CANCELLATIONS:** If Client postpones or cancels any scheduled assignment or "shoot date", in whole or in part, without first obtaining Photographer's written consent. Client shall pay Photographer 50% of Photographer's fees. If Client postpones or cancels with less than 2 business days prior written notice to Photographer, Client shall pay 100% of Photographer's fees. Client shall in any event pay all expenses and charges incurred in connection with any postponed or canceled assignment or shoot date.

**4. WEATHER DELAYS:** Client will pay 100% of Photographer's daily weather delay fee (as set forth on the face of this Agreement) for any delays due to weather conditions or Acts of God, plus all charges and expenses incurred.

**5. CLIENT APPROVAL:** Client is responsible for having its authorized representative present during all "shooting" phases of the Assignment to approve Photographer's interpretation of the Assignment. If no representative is present, Photographer's interpretation shall be accepted. Client shall be bound by all approvals and job changes made by Client's representatives.

**6. OVERTIME:** In the event any Assignment extends beyond eight (8) consecutive hours in one day, Photographer will charge overtime for crew members and assistants at the rate of one and one half (1 1/2) times their hourly rate or fee.

**7. RESHOOTS:** Client will be required to pay 100% of Photographer's fee, charges and expenses for any reshoot requested by Client. If the Image(s) becomes lost or unusable by reason of defects, damage, equipment malfunction, processing, or other technical error prior to delivery of the Image(s) to the Client, Photographer will reshoot without additional fees, provided Client advances and pays all charges and expenses for the reshoot and pays all fees, charges and expenses for the initial Assignment.

**8. INDEMNITY:** Client shall indemnify, defend and hold Photographer and Photographer's representatives harmless from any and all claims, liabilities, damages, and expenses including actual attorney's fees and court costs arising from Client's use of the Image(s) or from Photographer's reliance on any representations, instructions, or materials provided or approved by the Client.

**9. RIGHTS LICENSED:** The right to reproduce or use any Image(s) in any manner is conditioned on Photographer's receipt of full payment and on use of copyright notice on all copies of the Image(s). Unless otherwise expressly stated on the front of this Agreement, the duration of any license is one-year from the date of Photographer's invoice and is for English language use in the United States of America only. All rights of every kind and nature in any and all media whether now known or hereafter developed, that are not expressly licensed or transferred in this Agreement are reserved by Photographer, including, without limitation, the right to use any Image in whole or in part in any form of derivative or collective works of any nature whatsoever. No license is valid unless signed by Photographer. No rights licensed may be assigned or transferred in any manner without Photographer's prior written consent.

**10. RETURN OF IMAGES:** Client assumes all risk for all Image(s) delivered by Photographer to Client from the time of Client's receipt, to the time of its sale return receipt of the Image(s) to the possession and control of Photographer. If no memo, Client shall return all Image(s) in an undamaged, unaltered and unretouched condition within 30 days after first publication or use of the Image(s).

**11. LOSS OR DAMAGE:** IN CASE OF LOSS OR DAMAGE OF ANY ORIGINAL IMAGE(S), CLIENT AND PHOTOGRAPHER AGREE THAT THE REASONABLE VALUE OF EACH ORIGINAL IMAGE IS $1,500.00. Once original Image(s) are lost or damaged it is extremely difficult and impracticable to fix their exact individual value. Accordingly, Photographer and Client agree that the reasonable liquidated value of each original Image is $1,500.00. Client agrees to pay Photographer $1,500.00 for each lost or damaged original Image. Photographer agrees to limit Photographer's claim to that amount without regard to the actual value of the Image.

**12. PAYMENT AND COLLECTION TERMS:** Invoices from Photographer are payable upon receipt by Client. In any action to enforce the terms of this Agreement, the prevailing party shall be entitled to recover their actual attorney's fees, court costs and the maximum interest rate allowable by law. No lawsuits pertaining to any matter arising under or growing out of this Agreement shall be instituted in any other state other than the state of Photographer's principal place of business.

**13. SALES, USE, OR TRANSIT TAX:** Client is responsible for full payment of all applicable sales, use or similar taxes and for any subsequent assessment made by sales, use or other tax authorities in connection with the Assignment and/or the Image(s).

**14. RELEASES; NO MODEL, PROPERTY OR OTHER RELEASE EXISTS FOR ANY IMAGE(S) UNLESS PHOTOGRAPHER SUBMITS A SEPARATE SIGNED RELEASE TO CLIENT.**

**15. ELECTRONIC DATA:** Client shall not electronically or by any other means, methods or processes, whether now known or hereafter developed, in any manner use, scan, reproduce or copy any Image in whole or in part except as may be otherwise expressly stated on the front of this Agreement. Client shall not electronically or by any other means, methods or processes, whether now known or hereafter developed, in any manner retain, store, use or alter any Image in whole or in part, except as may be otherwise expressly stated on the front of this Agreement.

**16. MODIFICATIONS, GOVERNING LAW AND MISCELLANEOUS:** This Agreement sets forth the entire understanding and agreement between Photographer and Client regarding the Assignment and/or the Image(s). This Agreement supersedes any and all other prior representations and agreements regarding the Assignment and/or the Image(s), whether written or verbal. Neither Photographer nor Client shall be bound by any purchase order, term, condition, representation, warranty, or provision other than expressly stated in this Agreement. No waiver or modification may be made to any term or condition contained in this Agreement unless in writing and signed by Photographer. Waiver of any one provision of this Agreement shall not be deemed to be a waiver of any other provision of this Agreement. Any objections to the terms of this Agreement must be made in writing and delivered to Photographer within ten (10) days of the receipt of this Agreement by Client or Client's representative, or this Agreement shall be binding. No Image(s) however may be used in any manner without Photographer's prior written consent, and Client's holding, acceptance of this Agreement. The formation, interpretation, and performance of this Agreement shall be governed by the laws of the state of Photographer's principal place of business, excluding the conflict of laws rules in the state of reference only, and shall not be considered in construing this Agreement. This Agreement shall be construed in accordance with its terms and shall not be construed more favorably for or more strongly against Photographer or Client.

©1994 ADVERTISING PHOTOGRAPHERS OF AMERICA, NATIONAL

p.2

*World Headquarters:*
*608 York Street*
*San Francisco CA 94110*
*Tel: 415.641.4376*
*Fax: 415.641.5500*

# M A S L O V *Agent Internationale*

To: ~~SHARON~~ WICKS    Fax: 408 -86+5250

From: MASLOV    Date: 1-5-01

Re: CLEMENT -    Pages: 3
WORK IOM

CC:

☒ Urgent    ☐ For Review    ☐ Please Comment    ☐ Please Reply

**View the Photographers at www.maslov.com**

SHARON — HERE IS
the leAter WE DISCUSSED
For you to pASS ON TO YouR
Accts. PAYABLE.
I HEARD the imAge is
Renning ALREADY —
                 thanks—
                       NM.

NEW YORK    LONDON    PARIS   MILAN   HELSINKI   TEL AVIV   TOKYO   NOT  REALLY
JUST   SAN FRANCISCO



January 5, 2001


To:     Sharon Wicks
        And Accounts Payable
        March First
From:   Norman Maslov
Re:     Michele Clement
        Work.com


By Fax: 408.861.5250


This is to inform you that due to the non-payment of invoice #45-001003 dated October 23, 2000, both you and your client Work.com are in violation of the copyright of photographs taken and owned by Michele Clement. Rights to any images are only transferred upon payment in full per estimate & invoice and we understand the photographer has already been published.

Since Michele Clement has registered these images with the copyright office in Washington DC not only would he be entitled to full payment of the original invoice but also statutory damages (up to $25,000. per infraction) plus reimbursement of any and all attorney fees. Damages would be per violation.

If payment is not received immediately, we shall proceed with this legal action.


Thank you.


**Copy of invoice attached**

# MICHELE CLEMENT STUDIOS, INC.

879 FLORIDA STREET
SAN FRANCISCO, CA 94110
TEL: 415-695-0100
FAX: 415-695-0921
FED ID: 94-3230063

WOR

**Invoice: 45-001003**

Date: October 23, 2000

To:
March First
20605 Lazaneo Drive
Cupertino, California 95014

Att: Sharon Wicks • 408.861.6297 • f. 408.861.5250

Client: Work.com
AD: Michael Hammond 408.861.5405
Period Of Use: 6 months
Media Use: National Newspaper
Job Title: 1 portrait ad: Russian constructivist

---

Description: ONE BLACK & WHITE PORTRAIT FOR ONE PRINT AD / RUSSIAN CONSTRUCTIVIST STYLE / BASED ON ONE SHOOT DAY ONLY IN STUDIO ; 1. ONE AFRICAN AMERICAN WOMAN

ONE PHOTO      TALENT BILLED DIRECT NOT INCLUDED HERE

---

Fees

| | | |
|---|---|---|
| Photography Fees | | 8,000.00 |

Expenses

| | | |
|---|---|---|
| Crew | | 8,000.00 |
| Film / Processing | 6,030.00 | |
| Props / Wardrobe | 1,680.00 | |
| Location / Travel (already done) | 909.79 | |
| Rentals | 1,900.00 | |
| Sets / Expendables | 500.00 | |
| Miscellaneous | 450.00 | |
| Talent | 900.00 | |
| Markup 20% due to no or late advance por | 0.00 | |
| | 2,882.00 | |

| | |
|---|---|
| | 15,251.79 |
| Subtotal: | $23,251.79 |
| Sales Tax: 8.5% | $1,976.40 |
| Balance Due | $25,228.19 |

Terms: Balance due within 30 days of final billing. Rights licensed upon full payment of this invoice and subject to terms and conditions attached. Copyright of all photographs retained by photographer.

# EXHIBIT 2

**E O D   FEB 2 2 2003**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

FEB 2 1 2003

KENNETH S. GARDNER, CLERK
PS REP. - MJ

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| marchFIRST, INC., *et al.*, | ) ) | Case No. 01-24742 |
| | ) | (Jointly Administered) |
| Debtors. | ) ) | Honorable John D. Schwartz |
| | ) | |
| ANDREW J. MAXWELL, Trustee, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Adv. No. |
| Michelle Clement Studios, Inc | ) ) | **03A00567** |
| Defendant. | ) | |

## ADVERSARY COMPLAINT TO AVOID PREFERENTIAL TRANSFER

Andrew J. Maxwell, Trustee, by his attorneys, states the following as his Adversary

Complaint to Avoid Preferential Transfers:

1. On or about April 12, 2001 (the "Petition Date"), marchFIRST, Inc. and its

subsidiaries and affiliates (collectively referred to as the "Debtor") commenced their

bankruptcy cases in the United States Bankruptcy Court for the District of Delaware (the

"Delaware Court") by voluntarily filing petitions for relief under Chapter 11 of Title 11

U.S.C. (the "Bankruptcy Code").

2. The Debtor moved to convert its cases to cases under Chapter 7, and on or about

April 26, 2001, the Debtor's cases were converted to Chapter 7 cases pursuant to §1112

of the Bankruptcy Code.

3. By order dated July 10, 2001, the Delaware Court transferred the Debtor's cases

to the United States Bankruptcy Court for the Northern District of Illinois.

4.    Andrew J. Maxwell ("Trustee") was appointed interim Chapter 7 trustee in the

Debtor's cases on July 16, 2001, and thereafter became the permanent trustee.

5.    This Court has jurisdiction over this adversary proceeding pursuant to Title 28

U.S.C. §1334, and Fed.R.Bankr.P. 7001 et seq.

6.    This is a core proceeding pursuant to Title 28 U.S.C. §§157(b)(2)(A), (F) and

(O) in which this Court is empowered to enter final judgment.

7.    Venue is proper in this District pursuant to Title 28 U.S.C. §1409(a).

8.    During the 90 days preceding the Petition Date, the Debtor made transfers to

Michelle Clement Studios, Inc (the "Defendant") totaling $25228.19 as set forth

on the attached Exhibit 1 (hereinafter collectively referred to as the "Transfers").

9.    The Transfers were made to or for the benefit of the Defendant.

10.    The Transfers were made for or on account of an antecedent debt or debts owed

by the Debtor to the Defendant before the Transfers were made.

11.    The Debtor was insolvent at the time of the Transfers.

12.    The Transfers enabled the Defendant to receive more than the Defendant would

have received if:

A.    The Debtor had been a debtor in a case under Chapter 7 of the
Bankruptcy Code at the time of the Transfers;

B.    The Transfers had not been made; and

C.    The Defendant had received payment of the Defendant's
claim(s) pursuant to the provisions of Chapter 7 of the
Bankruptcy Code.

13.    The Transfers constitute preferences within the meaning of §547(b) of the

Bankruptcy Code and should be avoided.

14. The Trustee sent a demand to the Defendant to return the Transfers on September 27, 2002 (the "Date of Demand"), but despite such demand the Transfers have not been repaid.

15. Pursuant to §550(a)(1) of the Bankruptcy Code, the Trustee is entitled to recover from the Defendant a) the amount of the Transfers; b) interest on the amount of the Transfers computed from the Date of Demand; and c) the Trustee's costs and attorneys' fees to the extent permitted by law.

WHEREFORE, Andrew J. Maxwell, Trustee, prays this Court to enter judgment in his favor and against Michelle Clement Studios, Inc for the following relief:

A. Avoiding the Transfers as preferences pursuant to §547(b) of the Bankruptcy Code;

B. Entry of a monetary judgment against the Defendant for the amount of $25228.19 , plus interest from the Date of Demand;

C. Directing the Defendant to pay the Trustee funds in the amount of $25228.19 , plus interest from the Date of Demand;

D. Awarding Trustee his costs of suit and attorneys' fees to the extent permitted by law; and

E. For such other and further relief as this Court deems just and fair.

Respectfully submitted,
Andrew J. Maxwell, Trustee

By: _____
     One of his attorneys

Steven S. Potts (ARDC #6200073)
Zane L. Zielinski (ARDC #6278776)
Law Offices of Andrew J. Maxwell
105 West Adams Street, Suite 3200
Chicago, Illinois 60603
312/368-1138

## Exhibit 1

Preferential Payments to Michelle Clement Studios, Inc

| Check/Wire Date | Check # | Check Amount | Invoice # | Invoice Amount |
|---|---|---|---|---|
| 1/16/2001 | 162109 | $25,228.19 | 45001003 | $25,228.19 |

**Total Amount Due:**        **$25,228.19**

# EXHIBIT 3

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | |
| marchFIRST, INC., *et al.*, | Case No. 01-24742 |
| Debtors. | Chapter 7 |
| | Honorable John D. Schwartz |

| | |
|---|---|
| ANDREW J. MAXWELL, Trustee | |
| Plaintiff, | |
| v. | Adv. No. 03 A 00567 |
| MICHELLE CLEMENT STUDIOS, INC., | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

### DEFENDANT MICHELLE CLEMENT STUDIOS, INC.'S
### ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

Michelle Clement Studios, Inc. ("MCS"), the defendant herein, by and through its undersigned counsel, hereby files its Answer (the "Answer") to the Debtor's Adversary Complaint to Avoid Preferential Transfers filed against Michelle Clement Studios, Inc. (the "Complaint"). In support of this Answer, MCS respectfully states as follows:

1.      On or about April 12, 2001 (the "Petition Date"), marchFIRST, Inc. and its subsidiaries and affiliates (collectively referred to as the "Debtor") commenced their bankruptcy cases in the United States Bankruptcy Court for the District of Delaware (the "Delaware Court") by voluntarily filing petitions for relief under Chapter 11 of Title 11 U.S.C. (the "Bankruptcy Code").

**ANSWER:**    MCS admits the allegations in Paragraph 1.

2.    The Debtor moved to convert its cases to cases under Chapter 7, and on or about April 26, 2001, the Debtor's cases were converted to Chapter 7 cases pursuant to §1112 of the Bankruptcy Code.

**ANSWER:**    MCS admits the allegations in Paragraph 2.

3.    By order dated July 10, 2001, the Delaware Court transferred the Debtor's cases to the United States Bankruptcy Court for the Northern District of Illinois.

**ANSWER:**    MCS admits the allegations in Paragraph 3.

4.    Andrew J. Maxwell ("Trustee") was appointed interim Chapter 7 trustee in the Debtor's cases on July 26, 2001, and thereafter became the permanent trustee.

**ANSWER:**    MCS admits the allegations in Paragraph 4.

5.    This Court has jurisdiction over this adversary proceeding pursuant to Title 28 U.S.C. §1334, and Fed.R.Bankr.P. 7001 et seq.

**ANSWER:**    MCS admits that this Court has jurisdiction over this adversary proceeding.

6.    This is a core proceeding pursuant to Title 28 U.S.C. §§157(b)(2)(A), (F) and (O) in which this Court is empowered to enter final judgment.

**ANSWER:**    MCS denies the allegations in Paragraph 6 and alleges that this Court is not empowered to enter final judgment by reason of Defendant's demand for a jury trial herein.

7.    Venue is proper in this District pursuant to Title 28 U.S.C. §1409(a).

**ANSWER:**    MCS admits that venue is proper in this District.

8.     During the 90 days preceding the Petition Date, the Debtor made transfers to Michelle Clement Studios, Inc (the "Defendant") totaling $25,228.19 as set forth on the attached Exhibit 1 (hereinafter collectively referred to as the "Transfers").

**ANSWER:**     MCS admits the allegations in Paragraph 8.

9.     The Transfers were made to or for the benefit of the Defendant.

**ANSWER:**     Paragraph 9 asserts a conclusion of law to which no answer is required.  To the extent Paragraph 9 contains any averment of fact, it is denied.

10.     The Transfers were made for or on account of antecedent debt or debts owed by the Debtor to the Defendant before the Transfers were made.

**ANSWER:**     Paragraph 10 asserts a conclusion of law to which no answer is required.  To the extent Paragraph 10 contains any averment of fact, it is denied.

11.     The Debtor was insolvent at the time of the Transfers.

**ANSWER:**     Paragraph 11 asserts a conclusion of law to which no answer is required.  To the extent Paragraph 11 contains any averment of fact, MCS is without sufficient knowledge or information to form a belief as to the truth of the averments, and therefore denies same.

12.     The Transfers enabled the Defendant to receive more than the Defendant would have received if:

A.     The Debtor had been a debtor in a case under Chapter 7 of the Bankruptcy Code at the time of the Transfers;

B.     The Transfers had not been made; and

C.     The Defendant had received payment of the Defendant's claim(s) pursuant to the provisions of Chapter 7 of the Bankruptcy Code.

3

**ANSWER:**   Paragraph 12 asserts a conclusion of law to which no answer is required.   To the extent Paragraph 12 contains any averment of fact, MCS is without sufficient knowledge or information to form a belief as to the truth of the averments, and therefore denies same.

13.   The Transfers constitute preferences within the meaning of §547(b) of the Bankruptcy Code and should be avoided.

**ANSWER:**   Paragraph 13 asserts a conclusion of law to which no answer is required.   To the extent Paragraph 13 contains any averment of fact, it is denied.

14.   The Trustee sent a demand to the Defendant to return the Transfers on September 27, 2002 (the "Date of Demand"), but despite such demand the Transfers have not been repaid.

**ANSWER:**   MCS admits the allegations in Paragraph 14.

15.   Pursuant to §550(a)(1) of the Bankruptcy Code, the Trustee is entitled to recover from the Defendant a) the amount of the Transfers; b) interest on the amount of the Transfers computed from the Date of Demand; and c) the Trustee's costs and attorneys' fees to the extent permitted by law.

**ANSWER:**   Paragraph 15 asserts a conclusion of law to which no answer is required.   To the extent Paragraph 15 contains any averment of fact, it is denied.

### Affirmative Defenses

### First Affirmative Defense
[Contemporaneous Exchange Exception- 11 U.S.C. §547(c)(1)]

1.   The Debtor cannot recover on its claims, and the alleged Transfers are not avoidable in whole or in part, because certain of the alleged Transfers were intended by MCS and the Debtor to be contemporaneous exchanges for new value given, and in fact were substantially contemporaneous exchanges.

4

## Second Affirmative Defense
[Ordinary Court of Business Exception- 11 U.S.C. §547(c)(2)]

2.     The Debtor cannot recover on its claims, and the alleged Transfers are not avoidable in whole or in part, because the alleged Transfers were: (a) in payment of debt incurred in the ordinary course of business or financial affairs of MCS and the Debtor; (b) made as part of the ordinary course of business or financial affairs of MCS and the Debtor; and (c) made according to ordinary business terms.

## Third Affirmative Defense
[New Value Exception- 11 U.S.C. §547(c)(4)]

3.     The Debtor cannot recover on its claims, and the alleged transfers are not avoidable in whole or in part, because: (a) after the alleged Transfers, MCS provided new value to or for the benefit of the Debtors that was not secured by an otherwise unavoidable security interest, and (b) on account of which new value the Debtor did not make an otherwise unavoidable transfer to or for the benefit of MCS.

[THE REMAINDER OF THIS PAGE LEFT INTENTIONALLY BLANK]

5

**WHEREFORE**, having fully answered, Defendant Michelle Clement Studios, Inc. respectfully requests that this Court (i) determine that Michelle Clement Studios, Inc. did not receive preferential transfers from the Debtor; (ii) determine that Michelle Clement Studios, Inc. is not liable to the Debtor for any amount; (iii) dismiss with prejudice the Debtor's Complaint; and (iv) grant such other and further relief as this Court deems appropriate and just under the circumstances.

Dated: January 10, 2008

Respectfully submitted,

MICHELLE CLEMENT STUDIOS, INC.

By: ___/s/ Steve Jakubowski_____
        One of Its Attorneys

Steve Jakubowski (ARDC No. 6191960)
Elizabeth E. Richert (ARDC No. 6275764)
THE COLEMAN LAW FIRM
77 West Wacker Drive, Suite 4800
Chicago, Illinois 60601
Telephone: (312) 444-1000
Facsimile: (312) 444-1028

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re:

marchFIRST, INC., *et al.*,

                Debtors.

Case No. 01-24742
Chapter 7
Honorable John D. Schwartz

---

ANDREW J. MAXWELL, Trustee

                Plaintiff,

v.

MICHELE CLEMENT STUDIOS, INC.,
                Defendant.

Adv. No. 03 A 00567

## NOTICE OF FILING OF MICHELE CLEMENT STUDIOS INC.'S
## MOTION TO WITHDRAW THE REFERENCE

**PLEASE TAKE NOTICE** that on the 21st day of March, 2008, the undersigned filed with the United States Bankruptcy Court for the Northern District of Illinois, **Michele Clement Studios, Inc.'s Motion to Withdraw the Reference**, a copy of which is attached hereto and hereby served upon you.

        Steve Jakubowski (ARDC No. 6191960)
        Elizabeth E. Richert (ARDC No. 6275764)
        THE COLEMAN LAW FIRM
        77 West Wacker Drive, Suite 4800
        Chicago, Illinois 60601
        Telephone: (312) 444-1000
        Facsimile: (312) 444-1028

## CERTIFICATE OF SERVICE

I, Jamie L. Johnson, a non-attorney, hereby swear that a true copy of the attached **Michele Clement Studios, Inc.'s Motion to Withdraw the Reference** was served upon the persons listed below via email on the 21st day of March, 2008.

*Jamie L. Johnson*

Jamie L. Johnson

Andrew J. Maxwell
Maxwell and Potts, LLC
ajmaxwell@maxwellandpotts.com

Jaclyn H. Smith
Maxwell and Potts, LLC
jhsmith@maxwellandpotts.com

Vikram R. Barad
Maxwell and Potts, LLC
vbarad@maxwellandpotts.com

**U S Bankruptcy Court - Northern District of Illinois**

KENNETH S. GARDNER, CLERK

Date _____ **March 25 2008** _____

**FILED**
MAR 26 2008
MAR 8 6 2008

United States District Court
Northern District of Illinois
Chicago, IL 60604

**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

Re:  Case Number _____ **03-567** _____

Case Name _____ **Andrew J Maxwell Vs Michele Clement Studios Inc** _____

Bankruptcy Judge _____ **Schwartz** _____

**08CV1753
JUDGE GRADY
MAG. JUDGE VALDEZ**

To Whom It May Concern:

Pursuant to Rule 5011 of the Federal Rules of Bankruptcy Procedure, transmitted herewith is the Motion for Withdrawal of Reference.

Filed By: _____ **Steve Jakubowski** _____

Previous District Court Judge (when applicable): _____

Previous Civil Case Number (when applicable): _____

KENNETH S. GARDNER, CLERK

By: _____

Deputy Clerk   -   _____ **Claudia E Cabrales** _____

cc:  Bankruptcy Judge & Party Who Filed Motion for Withdrawal of Reference

# U.S. Bankruptcy Court
## Northern District of Illinois (Chicago)
## Adversary Proceeding #: 03-00567
### Internal Use Only

*Assigned to:* Honorable Judge John D. Schwartz       *Date Filed:* 02/22/03
*Related BK Case:* 01-24742
*Related BK Title:* Marchfirst Inc
*Related BK Chapter:* 7
*Demand:* $25000
*Nature[s] of Suit:*  454 Recover Money/Property

**FILED**
MAR 26 2008
MAR 2 6 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## Plaintiff

--------------------

**Trustee Andrew J Maxwell**          represented by **Andrew J Maxwell , ESQ**
Maxwell & Potts, LLC.
105 West Adams Street Ste 3200
Chicago, IL 60603
312 368-1138
Fax : 312 368-1080
Email:
maxwelllawchicago@yahoo.com

**Jaclyn H. Smith**
Maxwell & Potts LLC
105 W. Adams Street
Suite 3200
Chicago, IL 60603
312 368-1138 Ext. 19
Email: jsmith.kent@iit.edu

This is to certify that the within and attached document is a full, true and correct copy of the original thereof as the same appears on file in the office of the Clerk of the United States Bankruptcy Court for the Northern District of Illinois.
KENNETH S. GARDNER
CLERK OF COURT
By
Dated

V.

**08CV1753**
**JUDGE GRADY**
**MAG. JUDGE VALDEZ**

## Defendant

--------------------

**Michelle Clement Studios Inc**          represented by **Elizabeth E Richert**
Coleman Law Firm
77 West Wacker Drive, Suite 4800
Chicago
(312) - 444-1000
Fax : (312) - 444-1028
Email:

erichert@colemanlawfirm.com

**John Poppin**
600 California Street 14th Fl
San Francisco, CA 94108
415-398-6700
*LEAD ATTORNEY*

**Steve Jakubowski**
Coleman Law Firm
77 West Wacker Dr
Suite 4800
Chicago, IL 60601
312 606-8641
Fax : 312 444-1028
Email:
sjakubowski@colemanlawfirm.com

| Filing Date | # | Docket Text |
|---|---|---|
| 02/22/2003 | 1 | ADVERSARY Complaint [KES] (Entered: 02/22/2003) |
| 02/22/2003 | 2 | COVER Sheet [KES] (Entered: 02/22/2003) |
| 02/22/2003 | 3 | ISSUED Summons - Status Hearing hearing on 04/24/2003 at 10:30 a.m. at 219 South Dearborn, Courtroom 719, Chicago, IL 60604 [KES] (Entered: 02/22/2003) |
| 03/10/2003 | 5 | CERTIFICATION of Service on Michelle Clement Studios Inc RE: Item# 3 [KS] Original NIBS Entry Number: 4 (Entered: 03/11/2003) |
| 04/24/2003 | 4 | HEARING Continued hearing on 06/26/2003 at 10:30 a.m. RE: Item# 3 [ANT] Original NIBS Entry Number: 3A (Entered: 05/05/2003) |
| 08/14/2003 | 6 | Hearing Continued (RE: 1 Complaint). Status hearing to be held on 8/28/2003 at 10:30 AM at 219 South Dearborn, Courtroom 719, Chicago, Illinois 60604. (Watson, Anthony) (Entered: 08/14/2003) |
| 09/12/2003 | 7 | Hearing Continued Status hearing to be held on 10/30/2003 at 10:30 AM at 219 South Dearborn, Courtroom 719, |

| | | |
|---|---|---|
| | | Chicago, Illinois 60604. (Watson, Anthony) (Entered: 09/12/2003) |
| 11/12/2003 | ●8 | Hearing Continued Status hearing to be held on 12/18/2003 at 10:30 AM at 219 South Dearborn, Courtroom 719, Chicago, Illinois 60604. (White, Shatocka) (Entered: 11/12/2003) |
| 12/01/2003 | ●<u>9</u> | Answer to (related document(s): 1 Complaint) Filed by John Poppin on behalf of Michelle Clement Studios Inc (Seldon, Katrina) (Entered: 12/02/2003) |
| 12/19/2003 | ●10 | Hearing Continued Status hearing to be held on 2/19/2004 at 10:30 AM at 219 South Dearborn, Courtroom 719, Chicago, Illinois 60604. (Watson, Anthony) (Entered: 12/19/2003) |
| 02/25/2004 | ●11 | Hearing Continued Status hearing to be held on 4/22/2004 at 10:30 AM at 219 South Dearborn, Courtroom 719, Chicago, Illinois 60604. (Grossman, Cindy) (Entered: 02/25/2004) |
| 04/27/2004 | ●12 | Hearing Continued Status hearing to be held on 7/1/2004 at 10:30 AM at 219 South Dearborn, Courtroom 719, Chicago, Illinois 60604. (Montano, Linda) (Entered: 04/27/2004) |
| 07/23/2004 | ●13 | Hearing Continued Status hearing to be held on 9/2/2004 at 10:30 AM at 219 South Dearborn, Courtroom 719, Chicago, Illinois 60604. (Watson, Anthony) (Entered: 07/23/2004) |
| 09/02/2004 | ●14 | Hearing Continued Status hearing to be held on 11/4/2004 at 10:30 PM at 219 South Dearborn, Courtroom 719, Chicago, Illinois 60604. (Grossman, Cindy) (Entered: 09/02/2004) |
| 11/04/2004 | ●15 | Hearing Continued Status hearing to be held on 1/13/2005 at 10:30 AM at 219 South Dearborn, Courtroom 719, Chicago, Illinois 60604. (Watson, Anthony) (Entered: 11/04/2004) |
| | | |

| 01/13/2005 | ●16 | Hearing Continued Status hearing to be held on 3/24/2005 at 10:30 AM at 219 South Dearborn, Courtroom 719, Chicago, Illinois 60604. (Watson, Anthony) (Entered: 01/13/2005) |
|---|---|---|
| 03/24/2005 | ●17 | Hearing Continued Status hearing to be held on 5/19/2005 at 10:30 AM at 219 South Dearborn, Courtroom 719, Chicago, Illinois 60604. (Castaneda, Peter) (Entered: 03/24/2005) |
| 05/19/2005 | ●18 | Hearing Continued Status hearing to be held on 7/28/2005 at 10:30 AM at 219 South Dearborn, Courtroom 719, Chicago, Illinois 60604. (Castellano, Nancy) (Entered: 05/19/2005) |
| 07/28/2005 | ●19 | Hearing Continued Status hearing to be held on 9/29/2005 at 10:30 AM at 219 South Dearborn, Courtroom 719, Chicago, Illinois 60604. (Watson, Anthony) (Entered: 07/28/2005) |
| 09/29/2005 | ●20 | Hearing Continued Status hearing to be held on 12/1/2005 at 10:30 AM at 219 South Dearborn, Courtroom 719, Chicago, Illinois 60604. (Watson, Anthony) (Entered: 09/29/2005) |
| 12/02/2005 | ●21 | Hearing Continued Status hearing to be held on 2/9/2006 at 10:30 AM at 219 South Dearborn, Courtroom 719, Chicago, Illinois 60604. (Watson, Anthony) (Entered: 12/02/2005) |
| 02/09/2006 | ●22 | Hearing Continued Status hearing to be held on 4/6/2006 at 10:30 AM at 219 South Dearborn, Courtroom 719, Chicago, Illinois 60604. (Davis, Shurray) (Entered: 02/09/2006) |
| 04/07/2006 | ●23 | Hearing Continued Status hearing to be held on 6/1/2006 at 10:30 AM at 219 South Dearborn, Courtroom 719, Chicago, Illinois 60604. (Nelson, Freddie) (Entered: 04/07/2006) |
| 06/01/2006 | ●24 | Hearing Continued Status hearing to be held on 7/27/2006 at 10:30 AM at 219 South Dearborn, Courtroom 719, |

| | | Chicago, Illinois 60604. (Castaneda, Peter) (Entered: 06/01/2006) |
|---|---|---|
| 07/27/2006 | ●25 | Hearing Continued Status hearing to be held on 9/14/2006 at 10:30 AM at 219 South Dearborn, Courtroom 719, Chicago, Illinois 60604. (Castaneda, Peter) (Entered: 07/27/2006) |
| 09/15/2006 | ●26 | Hearing Continued Status hearing to be held on 11/16/2006 at 10:30 AM at 219 South Dearborn, Courtroom 719, Chicago, Illinois 60604. (Castaneda, Peter) (Entered: 09/15/2006) |
| 11/17/2006 | ●27 | Hearing Continued Status hearing to be held on 12/14/2006 at 10:30 AM at 219 South Dearborn, Courtroom 719, Chicago, Illinois 60604. (Castaneda, Peter) (Entered: 11/17/2006) |
| 12/14/2006 | ●28 | Hearing Continued Status hearing to be held on 1/11/2007 at 10:30 AM at 219 South Dearborn, Courtroom 719, Chicago, Illinois 60604. (Nelson, Freddie) (Entered: 12/14/2006) |
| 01/11/2007 | ●29 | Hearing Continued Status hearing to be held on 2/15/2007 at 10:30 AM at 219 South Dearborn, Courtroom 719, Chicago, Illinois 60604. (Castaneda, Peter) (Entered: 01/11/2007) |
| 02/15/2007 | ●30 | Hearing Continued Status hearing to be held on 3/22/2007 at 10:30 AM at 219 South Dearborn, Courtroom 719, Chicago, Illinois 60604. (Castaneda, Peter) (Entered: 02/15/2007) |
| 03/22/2007 | ●31 | Hearing Continued Status hearing to be held on 4/12/2007 at 10:30 AM at 219 South Dearborn, Courtroom 719, Chicago, Illinois 60604. (Castaneda, Peter) (Entered: 03/22/2007) |
| 04/12/2007 | ●32 | Hearing Continued Status hearing to be held on 5/17/2007 at 10:30 AM at 219 South Dearborn, Courtroom 719, Chicago, Illinois 60604. (Castaneda, Peter) (Entered: 04/12/2007) |

| 05/17/2007 | ●33 | Hearing Continued Status hearing to be held on 6/21/2007 at 10:30 AM at 219 South Dearborn, Courtroom 719, Chicago, Illinois 60604. (Nelson, Freddie) (Entered: 05/17/2007) |
|---|---|---|
| 06/21/2007 | ●34 | Hearing Continued Status hearing to be held on 7/19/2007 at 10:30 AM at 219 South Dearborn, Courtroom 719, Chicago, Illinois 60604. (Nelson, Freddie) (Entered: 06/21/2007) |
| 07/19/2007 | ●35 | Hearing Continued Status hearing to be held on 9/20/2007 at 10:30 AM at 219 South Dearborn, Courtroom 719, Chicago, Illinois 60604. (Castaneda, Peter) (Entered: 07/19/2007) |
| 09/20/2007 | ●36 | Hearing Continued Status hearing to be held on 10/25/2007 at 10:30 AM at 219 South Dearborn, Courtroom 719, Chicago, Illinois 60604. (Nelson, Freddie) (Entered: 09/20/2007) |
| 10/25/2007 | ●37 | Hearing Continued Status hearing to be held on 11/15/2007 at 10:30 AM at 219 South Dearborn, Courtroom 719, Chicago, Illinois 60604. (Green, Josephine) (Entered: 10/25/2007) |
| 11/16/2007 | ●38 | Hearing Continued Status hearing to be held on 1/10/2008 at 10:30 AM at 219 South Dearborn, Courtroom 719, Chicago, Illinois 60604. (Green, Josephine) (Entered: 11/16/2007) |
| 11/19/2007 | ●39 | Hearing Continued Status hearing to be held on 12/13/2007 at 10:30 AM at 219 South Dearborn, Courtroom 719, Chicago, Illinois 60604. (Green, Josephine) (Entered: 11/19/2007) |
| 12/04/2007 | ●40 | Notice of Motion and Motion to Strike Answer for Failure to Designate Local Counsel Filed by Jaclyn H. Smith on behalf of Trustee Andrew J Maxwell. Hearing scheduled for 12/13/2007 at 10:30 AM at 219 South Dearborn, Courtroom 719, Chicago, Illinois 60604. (Attachments: # 1 Proposed Order) (Smith, Jaclyn) (Entered: 12/04/2007) |

| 12/13/2007 | ❶41 | Order Granting Motion to Strike (Related Doc # 40). ORDERED: Defendants answer filed in this proceeding is hereby stricken. Signed on 12/13/2007. (Cabrales, Claudia) (Entered: 12/14/2007) |
|---|---|---|
| 01/04/2008 | ❶42 | Appearance Filed by Steve Jakubowski on behalf of Michelle Clement Studios Inc. (Jakubowski, Steve) (Entered: 01/04/2008) |
| 01/04/2008 | ❶43 | Appearance Filed by Elizabeth E Richert on behalf of Michelle Clement Studios Inc. (Richert, Elizabeth) (Entered: 01/04/2008) |
| 01/04/2008 | ❶44 | Notice of Motion and Motion for Leave to Refile Michelle Clement Studios Inc.'s Answer Instanter Filed by Steve Jakubowski on behalf of Michelle Clement Studios Inc. Hearing scheduled for 1/10/2008 at 10:30 AM at 219 South Dearborn, Courtroom 719, Chicago, Illinois 60604. (Attachments: # 1 Exhibit Answer# 2 Proposed Order) (Jakubowski, Steve) (Entered: 01/04/2008) |
| 01/10/2008 | ❶45 | Answer to Complaint Filed by Steve Jakubowski on behalf of Michelle Clement Studios Inc. (Jakubowski, Steve) (Entered: 01/10/2008) |
| 01/10/2008 | ❶46 | Notice of Filing Filed by Steve Jakubowski on behalf of Michelle Clement Studios Inc (RE: 45 Answer to Complaint). (Jakubowski, Steve) (Entered: 01/10/2008) |
| 01/10/2008 | ❶47 | Order Granting Motion for Leave to refile its answer instantanter (Related Doc # 44). Signed on 1/10/2008. (Cabrales, Claudia) (Entered: 01/11/2008) |
| 01/11/2008 | ❶48 | Hearing Continued (RE: 1 Complaint). Status hearing to be held on 2/14/2008 at 10:30 AM at 219 South Dearborn, Courtroom 719, Chicago, Illinois 60604. (Green, Josephine) (Entered: 01/11/2008) |
| 02/14/2008 | ❶49 | Hearing Continued Status hearing to be held on 3/13/2008 at 10:30 AM at 219 South Dearborn, Courtroom 719, Chicago, Illinois 60604. (Green, Josephine) (Entered: 02/14/2008) |

| | | |
|---|---|---|
| 02/22/2008 | ●50 | Joint Report Rule 26(f) Discovery Report Filed by Jaclyn H. Smith on behalf of Trustee Andrew J Maxwell. (Smith, Jaclyn) (Entered: 02/22/2008) |
| 03/14/2008 | ●51 | Hearing Continued Status hearing to be held on 4/17/2008 at 10:30 AM at 219 South Dearborn, Courtroom 719, Chicago, Illinois 60604. (Green, Josephine) (Entered: 03/14/2008) |
| 03/21/2008 | ●52 | Motion for Withdrawal of Reference. Fee Amount $150 Filed by Steve Jakubowski on behalf of Michelle Clement Studios Inc. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3) (Jakubowski, Steve) (Entered: 03/21/2008) |
| 03/21/2008 | ●53 | Notice of Filing Filed by Steve Jakubowski on behalf of Michelle Clement Studios Inc (RE: 52 Motion for Withdrawal of Reference). (Jakubowski, Steve) (Entered: 03/21/2008) |
| 03/21/2008 | 54 | Receipt of Motion for Withdrawal of Reference(03-00567) [motion,mwdref] ( 150.00) Filing Fee. Receipt number 8517455. Fee Amount $ 150.00 (U.S. Treasury) (Entered: 03/21/2008) |