08-1753.081-JCD                                                  August 4, 2008

```
                     IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF ILLINOIS
                              EASTERN DIVISION


In re MARCHFIRST, INC., et al.,     )    Bankr. Case No.
                                    )    01-24742
                                    )    Adversary Proceeding No.
          Debtors.                  )    03-00567
------------------------------------
                                    )
ANDREW J. MAXWELL, Trustee,         )
                                    )
          Plaintiff,                )
                                    )
     v.                             )    No. 08 C 1753
                                    )
MICHELLE CLEMENT STUDIOS, INC.,     )
                                    )
          Defendant.                )
```

## MEMORANDUM OPINION

This case is before us on the motion of Michelle Clement Studios, Inc. ("MCS") to withdraw the reference to the bankruptcy court of adversary proceeding number 03-00567. For the reasons explained below, the motion is denied.

## BACKGROUND

On April 12, 2001, the debtor in this proceeding, Marchfirst, Inc. ("Marchfirst"), filed a petition for reorganization under Chapter 11 of the United States Bankruptcy Code. On February 26, 2003, Andrew J. Maxwell, the bankruptcy trustee for Marchfirst, filed an adversary complaint to avoid as preferential under 11 U.S.C. § 547(b) a $25,228.19 payment that Marchfirst had made to MCS in January 2001 for photographic work. On January 10, 2008,

- 2 -

MCS answered the complaint.[1]  Thereafter, MCS filed the instant motion for withdrawal of the reference of the adversary proceeding.

## **DISCUSSION**

The Bankruptcy Amendments and Federal Judgeship Act of 1984 "gave the district courts original jurisdiction over all cases arising under title 11 of the Bankruptcy Code, see 28 U.S.C. § 1334(b), but also allowed federal courts to 'refer' bankruptcy cases to the bankruptcy judges for the district automatically." In re Vicars Ins. Agency, Inc., 96 F.3d 949, 951 (7th Cir. 1996) (citing 28 U.S.C. § 157(a)).  "This authority to refer was tempered, however, with a provision that the reference may or shall be withdrawn in certain situations," id., outlined in 28 U.S.C. § 157(d):

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.  The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

The two scenarios contemplated in the statute are referred to, respectively, as "permissive withdrawal" and "mandatory withdrawal."  The party seeking withdrawal of the reference bears the burden of persuasion.  See In re Vicars, 96 F.3d at 953.

---

[1]  MCS's original answer, which had been filed in December 2003, was stricken by the bankruptcy court in December 2007, and MCS obtained leave to file a new answer.

MCS's motion is premised on mandatory withdrawal; it contends that resolution of the proceeding "requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." Mandatory withdrawal of the reference is appropriate only if non-title 11 issues "require the interpretation, as opposed to mere application, of the non-title 11 statute, or when the court must undertake analysis of significant open and unresolved issues regarding the non-title 11 law." Id. at 954.

In the adversary proceeding, the bankruptcy trustee claims that Marchfirst's payment to MCS was preferential because Marchfirst had an implied license to use MCS's photos in advance of payment. MCS's defense is that no implied license existed and that the payment from Marchfirst was a contemporaneous exchange for new value. MCS argues that withdrawal of the reference is mandatory because "resolution of whether the transfer was preferential requires a substantial interpretation of federal copyright law to determine if, as alleged by the trustee, an implied license arose in advance of payment." (MCS's Mot. to Withdraw the Reference at 5.) According to MCS, "the interpretation of copyright law is central to the case because . . . the entire matter turns on whether . . . MCS gave Marchfirst an implied license to the use of [MCS's] photos in advance of payment." (Id. at 6.)

- 4 -

We disagree.  The issue of whether Marchfirst had an implied license requires the mere application, not the interpretation, of existing copyright law.  MCS does not explain what aspect of the copyright statute will require interpretation; instead, it emphasizes that the issue is "difficult."  There are many instances in which the application of law can be difficult without requiring the interpretation of a statute.

MCS also contends that withdrawal of the reference is mandatory because it has demanded a jury trial.  The Seventh Circuit has held that the Bankruptcy Code does not authorize bankruptcy judges to conduct jury trials.  In re Grabill Corp., 967 F.2d 1152, 1158 (7th Cir. 1992).  If a jury trial becomes necessary in this proceeding, it will have to be conducted by this court.  MCS's motion, however, is premature.  From a review of the bankruptcy court's docket, it appears that a trial date has not yet been set, and it is not clear whether a jury trial will even be needed.  Therefore, MCS's motion to withdraw the reference will be denied without prejudice to MCS filing a new motion should the adversary proceeding become ready for trial.

## CONCLUSION

For the foregoing reasons, the motion of Michelle Clement Studios, Inc. to withdraw the reference to the bankruptcy court is denied without prejudice.

- 5 -

DATE:     August 4, 2008

ENTER:    _____
          John F. Grady, United States District Judge